**Cipriano Hernandez RINCON; Florencia Vasquez De Hernandez, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 06–70279, 06–72593.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007.\*

Filed June 7, 2007.

Jonathan M. Kaufman, Esq., San Francisco, CA, for Petitioners.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Eric W. Marsteller, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., M. Jocelyn Wright, Esq., U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

## MEMORANDUM **

In these consolidated petitions, Cipriano Hernandez Rincon and his wife Florencia Vasquez de Hernandez seek review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's order denying their applications for cancellation of removal, and the BIA's order denying their motion to reopen. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. Reviewing de novo questions of law and claims of constitutional violations in immigration proceedings, *Kohli v. Gonzales,* 473 F.3d 1061, 1065 (9th Cir.2007), we deny the petition for review in No. 06–70279 and dismiss the petition for review in No. 06–72593.

The petitioners' contentions regarding the validity of the Notices to Appear and the jurisdiction of the immigration court are foreclosed by *Kohli. See id.* at 1069–1070 (concluding that illegible name and title of issuing officer on Notice to Appear was not a violation of any statute or regulation and did not prejudice alien or deprive immigration court of jurisdiction).

Accordingly, the petitioners cannot show they were prejudiced by any failure of the BIA to separately address these contentions. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

The evidence the petitioners presented with their motion to reopen concerned the same basic hardship grounds as their applications for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that the petitioners failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard") (internal quotations and brackets omitted).

**PETITION FOR REVIEW IN 06–70279 DENIED.**

**PETITION FOR REVIEW IN 06–72593 DISMISSED.**

R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.